IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Aamsco Lighting, Inc., ) | Civil Action No. 2:16-1809-RMG |
| Plaintiff, ) | |
| v. ) | ORDER |
| Bulbrite Industries, Inc. ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's motion to dismiss Count III of the complaint for failure to state a claim. For the reasons set forth below, the Court denies the motion to dismiss.

## I.  Background

Plaintiff Aamsco Lighting, Inc. ("Aamsco") filed the present action on June 3, 2016, alleging that Defendant Bulbrite Industries, Inc. ("Bulbrite") infringed its United States Patent Number D672,083 S (the "'083 Patent"), breached a settlement agreement previously executed between the parties, and infringed its unregistered trade dress in violation of the Lanham Act. The '083 Patent is a design patent for the ornamental design of a light bulb consisting of a striated cylinder with two ovular plugs on the same side of the cylinder, each located near opposite ends. (Compl. Ex. A, Dkt. 1-1.) Aamsco alleges that its "Alinea" line of LED light bulbs practices that design patent, and that Bulbrite's "T8" light bulbs infringe that design patent. (Compl. ¶¶ 24–28.) Aamsco also alleges that the design of its Alinea LED light bulbs is protectable as unregistered trade dress and that Bulbrite's T8 light bulbs infringe that trade dress in violation of the Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a). (*Id.* ¶¶ 73–83.) Bulbrite filed the present motion to dismiss for failure to state a claim on June 29, 2016, moving to dismiss only Aamsco's claim of trade dress infringement. (Dkt. No. 7.)

-1-

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. Discussion

Trademark law protects designs that "identify a product with its manufacturer or source." *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 28 (2001). Patent law, not trademark law, protects the functional features of its product's design. *Rosetta Stone Ltd. v. Google, Inc.*,

676 F.3d 144, 161 (4th Cir. 2012). A product feature is functional—and therefore not protectable as trade dress—"if it is essential to the use or purpose of the article or if it affects the cost or quality of the article." *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 165 (1995) (citation and internal quotation marks omitted); *see also McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310–11 (4th Cir. 2014). Additionally, "in an action for infringement of unregistered trade dress under § 43(a) of the Lanham Act, a product's design is distinctive, and therefore protect[a]ble, only upon a showing of secondary meaning." *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 216 (2000). "A party establishes secondary meaning 'when, in the minds of the public, the primary significance of [the mark] is to identify the source of the product rather than the product itself.'" *Int'l Bancorp, LLC v. Societe des Bains de Mer et du Cercle des Estrangers a Monaco*, 329 F.3d 359, 396 (4th Cir. 2003) (quoting *Wal-Mart Stores*, 529 U.S. at 211 (internal quotation marks omitted)). Bulbrite argues that Aamsco's trade dress infringement claim fails because Aamsco has insufficiently alleged that its trade dress is non-functional, and because Aamsco has insufficiently alleged that its trade dress has secondary meaning.

"When assessing a design element's functionality, courts often look at (1) the existence of utility patents, (2) advertising focusing on the utilitarian advantages of a design, (3) the availability of 'functionally equivalent designs,' and (4) the effect of the design on manufacturing." *McAirlaids*, 756 F.3d at 313. Thus, "[f]unctionality . . . is a question of fact that, like other factual questions, is generally put to a jury." *Id.* at 310. Furthermore, "[b]ecause a design patent is granted only for non-functional designs, it can serve as evidence that a plaintiff's trade dress is not functional." *Krueger Int'l, Inc. v. Nightingale Inc.*, 915 F. Supp. 595, 605 (S.D.N.Y. 1996) (Sotomayor, J.), *overruled on other grounds by Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373 (2d Cir. 1997). Although, as the Ninth Circuit has observed, "[c]ourts have

uniformly held that a design patent, without more, is insufficient to *prove* that a design is nonfunctional," *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co.*, 668 F.3d 677, 685 (9th Cir. 2012) (emphasis added), a "design patent presumptively indicates that [the] design is not *de jure* functional," *Krueger Int'l*, 915 F. Supp. at 605 (citing *In re Morton-Norwich Prods., Inc.*, 671 F.2d 1332, 1342 n.3 (C.C.P.A. 1982)). Here, Aamsco alleges that its Alinea trade dress is non-functional and that a design patent evidences that non-functionality. (Compl. ¶¶ 15–23, 73, 75.) That alleges non-functionality sufficiently to survive a motion to dismiss.

Aamsco also alleges secondary meaning sufficiently to survive a motion to dismiss. The Fourth Circuit has set forth a six-factor inquiry for assessing secondary meaning: "(1) advertising expenditures; (2) consumer studies linking the mark to a source; (3) sales success; (4) unsolicited media coverage of the product; (5) attempts to plagiarize the mark; and (6) the length and exclusivity of the mark's use." *Perini Corp. v. Perini Const., Inc.*, 915 F.2d 121, 125 (4th Cir. 1990). Aamsco has alleged that it has made significant advertising expenditures to create recognition of its trade dress, that it has thereby achieved significant sales success, that Bulbrite has attempted to plagiarize its trade dress, and that Bulbrite's alleged infringement has created actual consumer confusion, thus showing that the Alinea trade dress is linked to a source. (Compl. ¶¶ 18–22, 47, 56, 82.) Furthermore, "intentional, direct copying" of another's trade dress creates a rebuttable presumption that the trade dress has secondary meaning. *Osem Food Industries Ltd. v. Sherwood Foods, Inc.*, 917 F.2d 161 (4th Cir.1990); *M. Kramer Mfg. Co., Inc. v. Andrews*, 783 F.2d 421 (4th Cir. 1986). Aamsco alleges that Bulbrite intentionally and directly copied the trade dress of its Alinea bulbs. (Compl. ¶¶ 56, 78–79, 82.) Although the Court cannot know, at this stage, whether any evidence will support Aamsco's allegations (or whether, as Bulbrite asserts, *Osem Food* and *M. Kramer Manufacturing* are distinguishable on their facts from the present case

(*see* Reply 5–6)), the allegations themselves are not merely conclusory. (*See, e.g.*, Compl. ¶¶ 78–79 (alleging deliberate use of Alinea trade dress in T8 packaging and promotional materials); ¶¶ 24–31 (alleging facts indicating that Bulbrite had prior knowledge of the Aliena trade dress).)

## IV.   Conclusion

For the foregoing reasons, the Court **DENIES** the motion to dismiss (Dkt. No. 7).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 7, 2016
Charleston, South Carolina